UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON VIRGIL BURKS,

    Petitioner,

v.

CAROL R. HOWES,

    Respondent.
_____/

CASE NO. 2:06-CV-15419
JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE PAUL J. KOMIVES

## **REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Procedural History*

    1.    Petitioner Carlton Virgil Burks is a state prisoner, currently confined at the Florence Crane Correctional Facility in Coldwater, Michigan.

    2.    On March 11, 2003, petitioner was convicted of attempted unlawful driving away of an automobile (UDAA), MICH. COMP. LAWS §§ 750.92, .413; receiving stolen property valued at $200-$1,000, MICH. COMP. LAWS § 750.535(4)(a); and fourth degree fleeing or eluding an officer, MICH. COMP. LAWS § 750.479a(2), following a jury trial in the Oakland County Circuit Court. On April 17, 2003, he was sentenced to concurrent terms of 1½-15 years' imprisonment on the attempted UDAA and fleeing convictions, and to a concurrent term of 109 days' imprisonment on the receiving stolen property conviction.

    3.    Petitioner appealed as of right to the Michigan Court of Appeals raising, through

counsel, the following claims:

>   I.   WAS THE EVIDENCE SUFFICIENT TO SUPPORT THE CONVICTION OF ATTEMPTED UDAA, AND DEFENDANT'S CONVICTION VIOLATES HIS RIGHT TO DUE PROCESS OF LAW; SHOULD THE CONVICTION BE VACATED AND MR. BURKS BE RE-SENTENCED?
>
>   II.  DID THE TRIAL COURT ABUSE ITS DISCRETION AND DENY DEFENDANT A FAIR TRIAL BY ADMITTING, OVER OBJECTION, POLICE TAPES UNDER THE BUSINESS RECORD EXCEPTION TO THE HEARSAY RULE?
>
>   III. WAS THE EVIDENCE OF RECEIVING OR CONCEALING STOLEN PROPERTY INSUFFICIENT?
>
>   IV.  DID THE PROSECUTOR DENY DEFENDANT A FAIR TRIAL BY DISPARAGING THE DEFENSE AND DEFENDANT'S ATTORNEY; ACCUSING HIM OF DELIBERATELY DECEIVING THE JURY USING "SMOKE AND MIRRORS" LIKE AN ILLUSIONIST?
>
>   V.   WAS DEFENDANT DENIED HIS RIGHT TO NOTICE OF THE CHARGES AGAINST HIM AND HIS RIGHT TO BE PRESENT AT THE ARRAIGNMENT?

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Burks*, No. 250169, 2005 WL 1489607 (Mich. Ct. App. June 23, 2005) (per curiam).

    4.    Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Burks*, 474 Mich. 974, 707 N.W.2d 194 (2005).

    5.    Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on December 7, 2006. As grounds for the writ of habeas corpus, he raises a single claim:

>   MR. BURKS WAS NEVER ARRAIGNED ON THE INFORMATION, NOR DID HE WAIVE ANY ARRAIGNMENT.

    6.    Respondent filed her answer on July 31, 2007. She contends that petitioner's claim is barred by petitioner's procedural default in the state courts and is without merit.

7. Petitioner filed a reply to respondent's answer on August 27, 2007.

B. *Factual Background Underlying Petitioner's Conviction*

The factual background underlying petitioner's conviction was briefly summarized by the Michigan Court of Appeals:

> The police began pursuing defendant after he was observed driving a suspected stolen vehicle, a 1979 Chevrolet Caprice. Defendant abandoned the Caprice after it was no longer driveable. He ran to an apartment complex where a witness saw him looking into other vehicles. He broke the window of a Neon, entered the vehicle, and turned off the car's alarm. The witness saw defendant fumble around near the Neon's ignition. At the time the siren of an approaching police car could be heard in the area, the witness saw defendant climb into the back seat of the Neon, where he was discovered and arrested shortly thereafter. After his arrest, the police found a screwdriver in the back seat of the Neon. After the Caprice was recovered, the owner could only operate it with a screwdriver because the steering column had been damaged.

*Burks*, 2005 WL 1489607, at *1, slip op. at 1.

C. *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing

4

legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.  *Analysis*

Petitioner contends that he was not present at his arraignment. Construed broadly, his petition raises two constitutional claims related to this contention. First, petitioner suggests that he was denied his Sixth Amendment right to be present at all critical stages of the proceedings against him. Second, he suggests that he was denied due process of law because he did not have notice of the charges against him. The Court should conclude that petitioner is not entitled to habeas relief on these claims, even if his factual contention that he was not present is true.[1]

---

[1]For the reasons explained in respondent's answer, petitioner's factual contention that he was not present at the arraignment, which is based only on his subjective lack of memory of having been present, is doubtful. *See* Respondent's Answer, at 7-9. However, the Court need not resolve this factual issues because, as explained below, petitioner is not entitled to habeas relief as a legal matter even if he

5

1.  *Right to Be Present*

Petitioner contends that he was denied his right to be present at the proceedings against im by his alleged absence from the arraignment. The Court should disagree.

"A criminal defendant has a constitutional right to be 'present at all stages of the trial where his absence might frustrate the fairness of the proceedings.'" *United States v. Riddle*, 249 F.3d 529, 534 (6th Cir. 2001) (quoting *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975)); *see also*, *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). This right is derived from the Due Process Clause of the Fifth and Fourteenth Amendments, as well as from the Sixth Amendment's Confrontation Clause. *See United States v. Shepherd*, 284 F.3d 965, 968 n.1 (8th Cir. 2002). Arraignment itself is not required by the Due Process Clause, *see Garland v. Washington*, 232 U.S. 642, 645 (1914), and a defendant's presence is required only at "critical stages" of the proceedings–that is, only "to the extent that a fair and just hearing would be thwarted by [the defendant's] absence." *Snyder v. Massachusetts*, 291 U.S. 97, 108 (1934); *see also*, *United States v. Gagnon*, 470 U.S. 522, 526 (1985).

Here, petitioner cannot show that an arraignment under Michigan law was a critical stage of the proceedings such that "a fair and just hearing [was] thwarted by [his] absence." Under Michigan law, an arraignment on a warrant or complaint, such as occurred in petitioner's case, is a *pro forma* procedure which requires the court to simply inform the accused of the nature of the charges and his rights, set a date for a preliminary examination, and determine whether to grant pretrial release. *See* MICH. CT. R. 6.113(B). Petitioner's arraignment followed this procedure, petitioner was represented by counsel who waived a reading of the information, and a plea of not

---

was not present at the arraignment.

guilty was entered. The arraignment procedure therefore did not create a risk that petitioner would sacrifice any rights or lose any defenses. Nor was a fair hearing–either at the arraignment itself or later at trial–thwarted by his absence from the arraignment.[2]

Further, even assuming that petitioner's alleged absence amounted to a denial of his right to be present during a critical stage of the proceedings, petitioner is not entitled to relief because any error was harmless. The denial of a defendant's right to be present at any stage of the trial proceedings is generally subject to harmless error review. *See Rushen v. Spain*, 464 U.S. 114, 117-18 & n.2 (1983) (per curiam); *Terry v. Cross*, 112 F. Supp. 2d 543, 551-52 (E.D. Va. 2000); *cf. Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (internal quotation omitted) (constitutional rights of defendant not violated "when presence would be useless, or the benefit but a shadow."); *Snyder*, 291 U.S. at 105-06 (defendant's absence is reversible error only where the absence has a "relation, reasonably substantial, to his opportunity to defend."). Here, nothing happened at the arraignment which prejudiced petitioner in any way; a reading of the information was waived and a plea of not guilty entered, and no other action was taken. The only possible prejudice to petitioner from his absence at the arraignment would be a lack of notice of the charges. As explained in the next section, however, petitioner cannot show that he lacked such notice. Thus, even if petitioner's absence constituted a denial of his constitutional right to be present at all critical stages of the

---

[2]Persuasive are cases dealing with a criminal defendant's right to the presence of counsel at all "critical stages" of the prosecution. Although the "critical stage" inquiries of the right to counsel and the right to be present are not necessarily coextensive, the Supreme Court has recognized the similarity of the rights. *See generally*, *Rushen v. Spain*, 464 U.S. 114, 117 (1983) (per curiam). Michigan's arraignment procedure, involving no potential prejudice to a defendant and risking no loss of a defendant's rights or defenses, does not constitute a "critical stage" of the proceedings for purposes of the Sixth Amendment right to counsel. *See Doyle v. Scutt*, 347 F. Supp. 474, 481 (E.D. Mich. 2004) (Gadola, J.).

proceedings, the error was harmless and does not provide a basis for habeas relief. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

    2.    *Notice*

Petitioner also argues that, because he was not present at the arraignment, he had no notice of the charges against him. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

"The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul*, 843 F.2d 918, 930 (6th Cir. 1988); *accord Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984); *Sharrar v. Foltz*, 658 F. Supp. 862, 865 (E.D. Mich. 1987) (Newblatt, J.), *aff'd*, 842 F.2d 333 (6th Cir. 1988). Here, petitioner's claim that he lacked notice of the charges against him adequate to prepare his defense is belied by the record.

First, there is no doubt that petitioner was arraigned, and that counsel was provided a copy of the information. *See* Arraignment Tr., dated 1/24/03, at 3-4. Second, prior to the commencement of the trial, petitioner engaged in a long discussion with the trial judge concerning his problems with counsel and petitioner's belief that he was not prepared for trial. Petitioner did not once during this colloquy indicate that he was unaware of the nature of the charges against him. On the contrary, petitioner exhibited a detailed understanding of the charges against him, indicating to the court that he had four court decisions relevant to his UDAA charge that he wished to discuss with counsel. Petitioner also demonstrated an understanding that these decisions did not bear on the other two charges against him. Petitioner also demonstrated a familiarity with the evidence available for trial. *See* Trial Tr., Vol. I, at 9-14. In short, nothing in the record supports petitioner's contention that he

lacked sufficient notice of the charges against him to enable him to prepare his defense. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.  *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:11/7/08

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record  by electronic means or U.S. Mail on November 7, 2008.
>
> s/Eddrey Butts
> Case Manager