UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON VIRGIL BURKS,

       Petitioner,

    v.

CAROL R. HOWES,

       Respondent.

_____/

CASE NO. 2:06-CV-15419
CHIEF JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE PAUL J. KOMIVES

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR RELIEF
FROM JUDGMENT (docket #23)**

I.    <u>RECOMMENDATION</u>: The Court should grant petitioner's motion for relief from judgment and provide him an opportunity to file objections to my November 7, 2008, Report and Recommendation.

II.    <u>REPORT</u>:

A.    *Procedural History*

Petitioner Carlton Virgil Burks is a former state prisoner[1] is a state prisoner who, on December 7, 2006, filed a *pro se* application for the writ of habeas corpus challenging his 2003 state court convictions for unlawfully driving away an automobile, receiving stolen property, and fleeing a police officer. On November 7, 2008, I filed a Report recommending that the Court deny petitioner's application on the merits. On December 18, 2008, the Court adopted the Report and dismissed the petition, in part based on the absence of any timely filed objections. On December 19, 2008, petitioner was transferred from the Florence Crane Correctional Facility to the G. Robert

_____

[1]Petitioner was paroled on March 31, 2009.

Cotton Correctional Facility, and on December 23, 2008, he filed a notice of change of address with the Court reflecting his transfer.

On January 12, 2009, petitioner filed a letter with the Court indicating that he had received the Court's order on January 6, but that he had never received a copy of my Report. On January 28, 2009, petitioner filed this motion for relief from judgment pursuant to FED. R. CIV. P. 60(b). Petitioner contends that prisoner legal mail is under restricted delivery at the Crane Correctional Facility, and that he did not receive or sign for any prisoner legal mail in November 2008, nor did he ever receive a copy of my Report and Recommendation. Petitioner therefore seeks to reopen his case so that he may file objections to the Report. For the reasons that follow, the Court should grant petitioner's motion and provide him a new ten-day period in which to file objections.

B.    *Analysis*

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Notwithstanding Rule 60(b), the habeas statutes circumscribe the conditions under which a second or successive habeas petition may be considered. In particular, a claim which

2

has already been adjudicated on the merits must be dismissed, a new claim may not be considered unless it relies on either a new, retroactive rule of constitutional law or new facts demonstrating actual innocence, and a successive petition may not be filed in the district court until authorization is obtained from the court of appeals. *See Gonzalez*, 545 U.S. at 529-30 (discussing 28 U.S.C. § 2244(b)(1)-(3)). Rule 60(b) applies only to the extent that it is not inconsistent with these rules governing successive petitions. *See id*. at 529 (citing Rule 11, 28 U.S.C. foll. § 2254). Generally, a Rule 60(b) motion which seeks vindication of a substantive claim for relief will be considered a prohibited successive petition, *see id*. at 531-32, whereas "[t]hat is not the case . . . when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532. As the Court explained, "[i]f neither the motion itself nor the federal judgment from which it seeks relief addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id*. at 533.

Here, petitioner's motion for relief from judgment is not the functional equivalent of a prohibited successive petition. He does not raise any claims attacking the underlying conviction or assert any new or already decided claims as a basis for habeas relief. Rather, petitioner attacks the integrity of the Court's order adopting my Report without affording petitioner an opportunity to file objections to the Report. Thus, the only question is whether petitioner is entitled to relief under Rule 60(b).

In support of his claim, petitioner relies on the catch-all provision found in Rule 60(b)(6). This provision allows for relief from judgment for any equitable reason justifying relief which is not addressed by paragraphs (b)(1)-(5). Short of a full-blown evidentiary hearing, there is no way to test

the veracity of petitioner's claim that he did not receive a copy of the Report and Recommendation. However, in light of the fact that petitioner was transferred shortly after the Report was filed, the Court's experience with the prison mail system, and petitioner's diligence in acting after receiving the Court's order adopting the Report and Recommendation, petitioner's claim is plausible. These circumstances constitute a "reason that justifies relief" under Rule 60(b), and fairness dictates that the Court vacate its order and grant petitioner a new ten-day period in which to file objections to my Report. *See Nguyen v. Giurbino*, No. 05cv2287, 2008 WL 4748163, at *2 (S.D. Cal. Oct. 27, 2008); *Grijalva v. Marshall*, No. 1:07-cv-01665, 2008 WL 2020395, at *1 (E.D. Cal. May 9, 2008). To expedite matters, I have instructed the Clerk to provide a copy of my original Report to be mailed to petitioner with this Report.

C.      *Conclusion*

In view of the foregoing, the Court should grant petitioner's motion for relief from judgment. If the Court accepts this recommendation, the Court should grant petitioner a period of ten days from the date of its Order in which petitioner may file objections to the Report, and respondent a period of ten days from the date of service of any objections within which to respond to the objections.

III.     <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

4

not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991).  *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 6/26/09


The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on June 26, 2009.

s/Eddrey Butts
Case Manager